# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD KEVIN SHELTON,<br><br>Defendant. | Case No.   2:17-cr-00391-GW-1<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On December 12, 2024, Defendant Donald Kevin Shelton ("Defendant") appeared before the Court for initial appearance on the petition and warrant for revocation of supervised release issued in this matter, Case No. 2:17-cr-00391-GW-1.  The Court appointed Jelani J. Lindsey of the Federal Public Defender's Office to represent Defendant.

///

///

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release, the Court finds that:

A.  ☒  Defendant submitted to the Government's Request for Detention;

B.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that he will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

- Nature of instant allegations;
- No residence;
- No bail resources;
- Significant pattern of non-compliance with supervision;
- Prior parole violation;
- History of drug use.

D.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that he will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

- Extensive criminal history, including acts of cruelty and violence;
- Incident of violent behavior at most recent drug and mental health treatment program;
- History of drug use.

III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime

of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

IT IS THEREFORE ORDERED that Defendant be detained pending further proceedings.

Dated: December 12, 2024

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE